**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUL 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JOSE MARTIN DE LOS SANTOS-GORDILLO, AKA Rafael Martinez-Chacon, AKA Rafael Martinez-Charon,<br><br>          Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No. 20-70218<br><br>Agency No. A206-105-159<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before: SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Jose Martin De Los Santos-Gordillo, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen removal proceedings. Our jurisdiction is governed by

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen.  *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying as untimely De Los Santos-Gordillo's motion to reopen in order to consider new evidence relevant to his application for cancellation of removal, where he filed the motion more than nine months after his final order of removal.  *See* 8 C.F.R. § 1003.2(c)(2); *cf.* 8 U.S.C. § 1229a(c)(7)(C)(ii) ("no time limit on the filing of a motion to reopen if the basis of the motion is to apply for [asylum and withholding of removal] and is based on changed country conditions arising in the country of nationality").  In light of this disposition, we do not reach De Los Santos-Gordillo's remaining contentions.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

To the extent De Los Santos-Gordillo challenges the BIA's decision not to reopen proceedings sua sponte, we lack jurisdiction to review it.  *See Bonilla*, 840 F.3d at 588 ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

20-70218

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**